# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8611 | **DATE** | November 5, 2012 |
| **CASE TITLE** | Samuel Lee (#2011-1110080) vs. Hickerson | | |

**DOCKET ENTRY TEXT**

Plaintiff has neither paid the required filing nor moved to proceed *in forma pauperis*. In addition, Plaintiff's complaint is dismissed without prejudice for failure to state a claim. Plaintiff is granted thirty days to: (1) either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee and (2) submit an amended complaint. The Clerk is directed to send Plaintiff an *in forma pauperis* application and an amended complaint form and a copy of this order. Plaintiff's failure to fully comply with this order will result in dismissal of this case.

■[For further details see text below.]          Docketing to mail notices.

## STATEMENT

Plaintiff, a detainee at Cook County Jail has brought this *pro se* lawsuit pursuant to 42 U.S.C. § 1983.

Plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary assessment of the initial partial filing fee, Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if the Plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file a complete *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months.

In addition, Plaintiff's complaint fails to state a claim, and he has not signed his complaint.

Plaintiff alleges that detainees at Cook County Jail are exposed to asbestos and "living mold germs" and are exposed to radiation through scanning devices at the jail. All of Plaintiff's allegations are based on "these detainees" being exposed to asbestos, mold and radiation and "these detainees" suffering medical conditions from this exposure. Plaintiff names "G. Hickerson Cook County Jail Director" in the caption of his complaint but identifies G. Hickerman and Sheriff Tom Dart in his list of Defendants. There are no specific allegations against any specific individual within his statement of his claim. The Court also notes that another pretrial detainee was identified as a Plaintiff in the caption of the complaint, but the list of parties indicates only Samuel Lee is bringing the instant action - the other Plaintiff was redacted and "No" is identified over the redaction.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and

| STATEMENT |
|---|
| the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). First, it is unclear who Plaintiff is naming as a Defendant in this matter. In addition, Plaintiff does not make any allegations against any of the "three" Defendants within his statement of his claim. Furthermore, Plaintiff's minimal allegations regarding "these detainees" are insufficient to state a claim. Plaintiff fails to make any allegations as to himself, instead, all allegations are based on "these detainees," whomever "these detainees" are. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). Lastly, Plaintiff's complaint is not signed, as required by Federal Rule of Civil Procedure 11. Accordingly, the Court dismisses the complaint without prejudice for failure to state a claim.<br><br>     If Plaintiff serves an amended complaint, he is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.<br><br>     In summary, Plaintiff is granted thirty days to: (1) either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee and (2) submit an amended complaint. Plaintiff's failure to fully comply with this order will result in dismissal of this case. |